*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KEITH DOUGLAS HAVARD,

Defendant-Appellant.

UNPUBLISHED
October 08, 2024
10:53 AM

No. 367355
Clinton Circuit Court
LC No. 2020-010613-FH

Before: BORRELLO, P.J., and MURRAY and LETICA, JJ.

PER CURIAM.

Defendant pleaded guilty to second-degree home invasion, MCL 750.110a(3), and two counts of assault with a dangerous weapon (felonious assault), MCL 750.82. The trial court sentenced defendant to serve concurrent terms of 6 to 15 years' imprisonment for second-degree home invasion and 18 months' imprisonment for each count of felonious assault. Defendant appeals by leave granted,[1] challenging only the trial court's scoring of Offense Variable (OV) 1 (aggravated use of a weapon). We affirm.

## I. FACTS

Defendant established a factual basis for his guilty plea by admitting that he entered the home of his sister, Lindsey, and her husband, Larry, without permission while in possession of a pistol. Other evidence showed that defendant raised a handgun, pointed it at the victims, and told them he was going to kill both of them. When Larry attempted to reason with defendant, defendant pointed the firearm at Lindsey's head. When Larry told defendant to relax, defendant pointed the firearm back at Larry. Lindsey began to call 911, and defendant attempted to pull the phone out of Lindsey's hand. Larry grabbed defendant and "took him to the ground." Larry had his arms around defendant and his hands on defendant's wrists when defendant attempted to turn the gun

---

[1] *People v Havard*, unpublished order of the Court of Appeals, entered November 8, 2023 (Docket No. 367355).

toward Larry and the firearm "went off." The bullet was not recovered and no damage from the gunshot was identified.

At sentencing, defendant denied pointing a gun at the victims and stated that the handgun only discharged because Larry had tackled him. Defendant argued that OV 1 should be scored at 5 points ("[a] weapon was displayed or implied") rather than 25 points ("[a] firearm was discharged at or toward a human being"). The prosecution argued that 25 points were properly assessed because defendant had pointed the firearm at the victims and had attempted to point the firearm at a victim at the time it was discharged. The trial court agreed with the prosecution and assessed 25 points for OV 1.

## II. DISCUSSION

Defendant argues that the trial court erred by finding that he discharged a firearm "at or toward" an individual and, accordingly, by assessing 25 points for OV 1 on that basis.

A trial court's factual determinations need only be supported by a preponderance of the evidence and are reviewed by this Court for clear error. *People v Carter*, 503 Mich 221, 226; 931 NW2d 566 (2019). Whether the facts, as found, warrant assessment of points under the pertinent OVs and PRVs is a question of statutory interpretation reviewed de novo. *Id*. "When interpreting a statute, [our] primary goal is to ascertain the legislative intent that may reasonably be inferred from the words in [the] statute." *People v Shami*, 501 Mich 243, 253; 912 NW2d 526 (2018) (quotation marks and citations omitted). "Because the language of a statute provides the most reliable manifestation of the Legislature's intent," we begin our interpretation "by reviewing the words and phrases of the statute itself." *Id*. Where, as here, the word or phrase at issue "is not defined in the statute, it must be accorded its plain and ordinary meaning, unless the undefined word or phrase is a legal term of art." *Id*. We have "consistently consulted dictionary definitions to give words and phrases their plain and ordinary meaning." *Id*.

OV 1 is governed by MCL 777.31, which provides, in relevant part, that a score of 25 points is proper when "[a] firearm was discharged at or toward a human being . . . ." MCL 777.31(1)(a). Here, the trial court noted that *Random House Webster's College Dictionary* (2d ed) defines "toward," in relevant part, as "in the direction of" or "in the area or vicinity of; near." See also *Grievance Administrator v Fieger*, 476 Mich 231, 250-251; 719 NW2d 123 (2006) (noting that "*Random House Webster's College Dictionary* (1997) lists several definitions of the preposition 'toward,' including 'in the direction of' and 'with respect to; as regards' "). The record amply supports the trial court's conclusion that a firearm was discharged toward—i.e., in the direction of, in the area of, or near—the victims. The victims' accounts of the incident indicated that defendant had aimed a firearm at each of them in turn and threatened to kill them; that Larry wrestled defendant to the ground; and that Larry had his hands on defendant's wrists when defendant attempted to turn the gun back toward Larry and it discharged. The trial court's finding that defendant discharged the firearm "toward" a human being was supported by a preponderance of evidence and was not clearly erroneous.

Affirmed.

/s/ Stephen L. Borrello
/s/ Christopher M. Murray
/s/ Anica Letica